Dear Mayor Harris:
This office is in receipt of your opinion request wherein you ask whether the town's officials can de-annex an area without a petition for de-annexation from the property's owners. The answer to this inquiry can be found specifically in LSA-R.S. 33:176
which provides:
 To contract the boundaries of a municipality the same procedure shall be followed as outlined above and the same notice must be published and the same right of appeal to the courts is granted as is provided for in the case of the enlargement of the boundaries.
The law in LSA-R.S. 33:171 through LSA-R.S. 33:175 details the steps which must be followed by registered voters and property owners, parish assessors, registrars of voters, governing bodies of municipalities and citizens contesting the annexation. In addition, these statutes prescribe the time periods for bringing all necessary actions to effect the ordinances of annexation and to contest the ordinances.
If the boundaries of the town of Richwood are to be contracted, in regard to the property you describe only the owner of annexed property could request the de-annexation. The assessor and the registrar of voters must perform their duties as they would in an annexation procedure. All notifications and publications must follow the statutory scheme. Finally interested citizens of the municipality or of the territory proposed to be de-annexed who wish to contest the de-annexation are afforded the same judicial remedies as those allowed persons opposed to an enlargement of the boundaries of the town.
The assessor and the registrar of voters must perform their duties as they would in an annexation procedure. All notifications and publications must follow the statutory scheme. Finally, interested citizens of the municipality or of the territory proposed to be de-annexed who wish to contest the de-annexation are afforded the same judicial remedies as those allowed persons opposed to an enlargement of the boundaries of the town.
No participant in the procedures for contraction (de-annexation) has greater or lesser rights than those granted them by the aforementioned statutes governing annexation actions and appeals of those actions.
We therefore conclude that the governing body of a municipality does not have the power to enact an ordinance to de-annex property unless there is a petition or request from a majority of the registered voters and/or designated property owners within the area to be de-annexed and all other statutory requirements in regard to notice, publication and appeal have been met.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ Jenifer Schaye Assistant Attorney General